## BASIN MINING AND CONCENTRATING CO., APPELLANT, *v.* WHITE, RESPONDENT.

[No. 1024.]

[Submitted January 26, 1899.    Decided February 6, 1899.]

*Mining    Claim—Location—Survey—Mistake—U. S. Surveyor.*

One who has located a claim, filed his notice and procured a survey thereof by the United States deputy surveyor, as required by law, cannot be deprived of his property because the surveyor failed by mistake to include all that was covered by his location notice, where the mistake was cured by a resurvey, under the orders of the Interior Department, within a few days after the owner discovered it.

The surveyor is an official of the United States Government and acts in that capacity and not as the agent or attorney of the owners of mining claims.

*Appeal from District Court, Jefferson County; Frank Showers, Judge.*

ACTION by the Basin Mining & Concentrating Company against Wallace McC. White. From a judgment for defendant and the denial of a new trial plaintiff appeals. Reversed.

*Clayberg, Corbett & Gunn*, for Appellant.

*Stapleton & Stapleton*, for Respondent.

PER CURIAM.—Action pursuant to Section 2326 of the Revised Statutes of the United States to determine the right of possession of a mining claim. Defendant (respondent) ap-

plied for patent to the "Canon Lode Claim." Plaintiff (appellant) filed its adverse claim thereto asserting ownership and right of possession by virtue of a prior location under the name of the "Hope Lode Claim." The answer disclaimed any interest in the Hope except the area in conflict, and averred ownership and right to the possession of the area in controversy under the location of the Canon. The defendant also pleaded abandonment by the plaintiff prior to December 14, 1893, the date of the location of the Canon lode. He further pleaded that in November, 1893, plaintiff caused an official survey of the Hope claim to be made by the Surveyor General of Montana, with a view to applying for patent therefor; that, according to this survey, the Hope claim did not include the Canon claim; and that, relying upon the fact that plaintiff did not claim the area of the Canon lode claim, and believing the ground to be part of the public domain, located the Canon lode claim, and afterwards expended a large amount of money in the development thereof; but that, after defendant had applied for a patent, plaintiff caused an amended survey to be made of the Hope lode claim and included therein the Canon lode. The defendant contends that by reason of these facts the plaintiff is estopped from asserting title to the area in conflict.

Plaintiff, by replication, alleged that in November, 1893, it made application for a survey of the Hope claim, and directed the same to be surveyed as located; that the survey was made under the direction of the Surveyor General of Montana and that the deputy mineral surveyor making the survey was not plaintiff's agent; that by mistake the deputy excluded from the Hope survey the ground in controversy, and without the plaintiff's knowledge or consent; that, as soon as such mistake was discovered, an application was made for an amended survey, so as to include the ground omitted; that an order for an amended survey was issued and an amended survey made which included the ground in conflict; and that the application for a patent to the Hope claim was based upon this amended survey.

The case was tried before a jury, and special findings returned, together with a general verdict. The verdict was for the defendant. The jury found that the area in controversy was omitted from the official survey of the Hope by mistake, and that the plaintiff intended to abandon the area in dispute. Other findings were made favorable to the defendant. The court adopted the general verdict of the jury and all of the special findings, except that relating to abandonment, upon which issue the court found that plaintiff did not intend to abandon the area in conflict. The court found also that plaintiff was estopped from claiming the ground in dispute, and that defendant was the owner and entitled to the possession thereof.

Plaintiff's motion for a new trial was overruled, and an appeal taken to this Court.

It is conceded that the ground included in the Canon location as made by respondent on December 14, 1893, was included in the boundaries of the Hope lode claim as described in the recorded notice of location of the Hope, a certified copy of which record was on file with the Surveyor General, and delivered to the United States deputy mineral surveyor, on October 9, 1893, when he was ordered to make an official survey of the Hope. The deputy mineral surveyor had no instructions other than his order of survey, which directed him to survey the claim in strict conformity with existing laws and official regulations and instructions thereunder. The superintendent of the Hope told him they wanted all the ground they could get, but did not direct him what to include. When the survey was made, the surveyor threw one end of his survey as far easterly as he could, leaving out a fraction of the Hope ground as located. Acting also upon certain information which he had obtained to the effect that an application for patent had been made for certain adjacent ground as the Lotta claim, the surveyor made his lines conform to the lines of such adjacent claim. His object in doing so he said was to simplify his notes and make no conflicts. He used a plat furnished by the Surveyor General, which showed an adjacent claim, but did not show the original Hope location, and

he presumed the fraction appearing thereon was patented with the Lotta, the adjacent claim. The surveyor was several weeks engaged in his work. Notices were posted on the claim December 18, 1893. A week or ten days subsequent to the completion of it he discovered that the fraction last referred to had not been claimed in the patent for the Lotta, and that it was inside of the original location of the Hope, as shown on the official plat as filed. Thereupon he notified the Hope people of his error by telling them of his omission to include all the unclaimed ground. They said they wished all the ground, and would take steps to have a resurvey made. Accordingly they did so, and on January 18, 1894, a resurvey was ordered by the Surveyor General in obedience to telegraphic orders from the Interior Department at Washington. This resurvey was made at once and embraced the area of the Canon as included in the original Hope location.

It seems to us so clear that a *bona fide* mistake was made by the United States surveyor that any discussion of the merits of the case is unnecessary. There can be no serious contention to the contrary under the evidence. The surveyor was an official of the United States Government, and acted in that capacity and not as the agent or attorney of the Hope lode claimants. His function and orders were to survey the Hope lode claim. He had to determine the *situs* and boundaries thereof from the certified copy of the location notice, and from an examination of the ground and the markings on the surface. He followed certain misinformation, instead of the location notice and by doing so left part of the Hope ground out. Respondent now asks us to deprive plaintiff of its property because of this error of the surveyor—not the fault of the plaintiff at all—and to do this despite the fact that, as soon as the mistake was known, all possible means and expedition were used by plaintiff to rectify it so as to preserve to plaintiff its claim as the same had been located and as it should have been surveyed by the surveyor. We decline to lend the judgment of the Court to any such result.

The evidence not only positively disproves any abandon-

ment by the plaintiff of the ground in question, but it shows every intent and wish to retain it, and we know of no principle of law by which the owner of a mining claim seeking a patent can be deprived of his property because of an error by a United States surveyor in the survey, which the owner in good faith takes steps to cure, and does cure, by permission of the Interior Department within a few days after his discovery of its existence. Respondent was a trespasser when he went on the ground included within the limits of the Hope and by no act of the appellant has he ever acquired any other attitude against it.

Reversed and remanded for a new trial.